IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICK VO,<br><br>       Movant,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | ) Civil No. 07-00052 ACK-BMK<br>) Criminal No. 02-00411 ACK 01<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER INVITING RESPONDENT TO RESPOND REGARDING WHETHER MOVANT TIMELY FILED MOTION UNDER 28 U.S.C. § 2255**

**Background**

Rick Vo, ("Movant"), was convicted of aiding and abetting in the possession with the intent to distribute over fifty grams of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Movant was sentenced to 262 months imprisonment.

Movant has filed for habeas corpus relief pursuant to 28 U.S.C. § 2255. At the same time, Movant also filed a Motion to Extend Deadline for Filing of Motion under Section 2255. Movant alleges that on November 19, 2006, he placed his petition for habeas corpus under Section 2255 in the Taft Correctional Institution mailbox, but that neither the District Court nor the United States Attorney's office received his motion. Movant resubmitted his habeas corpus petition along with a Motion to

Extend Deadline, signed January 21, 2007, postmarked January 24, 2007, and filed by the Court on January 30, 2007. Movant requests that the Court deem his Motion under Section 2255 as timely filed.

## Discussion

**I. Statute of Limitations**

A motion to vacate a sentence under 28 U.S.C. § 2255, such as the instant motion, has a one year period of limitation. <u>See</u> 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section."). The one year limitation period runs from the latest of:

> (1) <u>the date on which the judgment of conviction becomes final</u>;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added).

The limitations period here runs from the date the judgment of conviction became final (pursuant to subsection (1)) because Vo does not allege that the government created an impediment to his making the instant motion, that the Supreme

Court has newly recognized a right, or that the facts supporting the claim were only discovered within a year of filing the Petition.

In determining the date the judgment of conviction became final, the following are relevant dates:  On June 27, 2005, the Ninth Circuit Court of Appeals affirmed Vo's conviction and remanded the case to this Court for the limited purpose of sentencing the Movant pursuant to United States v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc).  United States v. Vo, 413 F.3d 1010, 1019 (9th Cir. 2005).  On September 21, 2005, this Court issued an Order declining to resentence Vo pursuant to Ameline and adopting the judgment of December 15, 2003.  On November 28, 2005, the Supreme Court denied Vo's petition for certiorari to review the Ninth Circuit's June 27, 2005 decision. Vo v. United States, 126 S. Ct. 785 (2005).

A judgment becomes final when "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." United States v. La Fromboise, 427 F.3d 680, 683 (9th Cir. 2005)(citing Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S. Ct. 708 (1987)).  Vo's conviction became final on November 28, 2005, when his petition for certiorari was denied.  Vo had one year, until November 28, 2006, to file his petition for habeas corpus

pursuant to Section 2255.

Pursuant to the "prison mailbox rule" for pro se petitioners, the date of filing is deemed to be the date that the prisoner deposits his Motion in the prison's mailbox. See Houston v. Lack, 487 U.S. 266, 272 (1988). Furthermore, the prison mailbox rule applies to petitions for habeas corpus that never reach the Court. Huizar v. Carey, 273 F.2d 1220, 1223 (9th Cir. 2001).

In this case, Vo, a pro se petitioner, alleges that he deposited his Section 2255 Motion in the prison mailbox on November 19, 2005. If his allegation is true, then under the prison mailbox rule, he timely filed his Section 2255 Motion within the one-year statute of limitations.

## II. Burden of Proof

The evidentiary burden of proving whether the Movant timely filed his Motion shifts to the opposing party when the Movant swears in a declaration that he timely filed. Caldwell v. Amend, 30 F.3d 1199, 1202-3 (9th Cir. 1994). The Ninth Circuit concluded "when the pro se petitioner alleges that he timely complied with a procedural deadline by submitting a document to prison authorities, the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party." Id. at 1202 (quoting Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir.

1993)(disapproved on other grounds by McDowell v. Calderon, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999)).[1]  In Caldwell, the Ninth Circuit reversed the District Court's ruling that the plaintiff's sworn declaration that he mailed his Motion on a certain date, which would have been timely, was insufficient to prove that he filed in a timely manner.  The Ninth Circuit concluded that the District Court erred because the opposing party had not met its burden of proof; notably it did not produce evidence in support of a contrary factual finding such as the prison mailbox log. Id. at 1203.

      Here, Vo alleges in a sworn declaration that he deposited his Motion in the prison mailbox on November 19, 2006.[2] See Movant's Decl. in Support of Motion to Extend Time.  He also provides a sworn declaration of another inmate who claims to have witnessed Vo deposit an envelope addressed to the Clerk of the U.S. District Court, District of Hawaii into the prison mailbox on that date.  See Decl. of Eduardo P. Meza.  Vo's sworn declaration is analogous to the plaintiff's declaration swearing

---

[1] The Ninth Circuit's use of the words "procedural deadline" does not signal a distinction from this case.  In Faile, the Ninth Circuit was addressing a service of discovery deadline but relied on the reasoning underlying Houston's prison mailbox rule for pro se habeas filing deadlines, stating, "we see no reason to treat other civil 'filing' deadlines differently than the deadline for filing a civil appeal." Faile, 988 F.2d at 987-88.

[2] Vo calls this statement an affidavit, but because the statement was not made before a public official such as a notary public, the statement is a declaration rather than an affidavit.

to timely filing in Caldwell.  The burden thus shifts to the government to produce factual evidence proving that Vo did not in fact place his Motion in the prison mailbox on November 19, 2006.

**III. Equitable Tolling**

The doctrine of equitable tolling applies to the one year time limitation in Section 2255.  United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004).  The court will equitably toll the limitations period if the Movant demonstrates that "extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." Id. (quoting Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)).

Equitable tolling is not the issue in this case.  Vo alleges that he in fact timely filed his Motion. The facts do not support a finding that Vo meets the extremely high standard required to equitably toll the limitations period.  He has not alleged any facts other than his belief that he timely filed to support equitable tolling. Thus, Vo has not alleged that extraordinary circumstances made it impossible to file his petition on time or that these extraordinary circumstances caused him to delay filing until January of 2007.  If the Court concludes his allegations are true, then the appropriate legal conclusion is that he timely filed, not that the limitations period should be equitably tolled based on his reliance on the

belief that he filed in time.  If the opposing party establishes evidence sufficient to prove that Vo did not file a Motion in the prison mailbox prior to November 28, 2006, then the conclusion is that he did not timely file his Motion, and his Motion would be deemed time-barred.

## CONCLUSION

The Court invites the Respondent to respond to Movant's Motion to Extend Deadline for Filing of Motion Under 28 U.S.C. § 2255 and to produce any factual evidence it may have regarding whether Movant filed his § 2255 Motion in the prison mailbox prior to November 28, 2006.  If there is no response within 30 days, the Court will assume Respondent has no objections to a determination that Movant in fact timely filed his Section 2255 Motion.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, February 20, 2007.



_____
Alan C. Kay
Sr. United States District Judge

Rick Vo v. United States of America, Civil No. 07-00052 ACK-BMK; Criminal No. 02-00411 ACK; Order Inviting Respondent to Respond Regarding Whether Movant Timely Filed Motion Under 28 U.S.C. § 2255.