EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

CANDACE KELLY CA BAR 191473
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Candace.Kelly@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICK VO, | ) | CV. NO. 07-00052 ACK-BMK |
| | ) | CR. NO. 02-00411 ACK |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | UNITED STATES' REQUEST FOR |
| | ) | ORDER FINDING ATTORNEY-CLIENT |
| UNITED STATES OF AMERICA, | ) | PRIVILEGE WAIVER AS TO FORMER |
| | ) | ATTORNEY MICHAEL WEIGHT; AND |
| Respondent. | ) | REQUEST FOR ADDITIONAL TIME TO |
| | ) | RESPOND TO PETITIONER'S MOTION |
| | ) | TO VACATE SENTENCE UNDER |
| | ) | 28 U.S.C. § 2255 |
| _____ | ) | |

UNITED STATES' REQUEST FOR ORDER FINDING
ATTORNEY-CLIENT PRIVILEGE WAIVER AS TO FORMER
ATTORNEY MICHAEL WEIGHT AND REQUEST FOR ADDITIONAL
TIME TO RESPOND TO PETITIONER'S MOTION TO VACATE
SENTENCE UNDER 28 U.S.C. § 2255

A.   INTRODUCTION

On November 19, 2005, Petitioner Rick Vo claims to have placed a 28 U.S.C. § 2255 Motion in the prison mailbox at the

Taft Federal Correctional Institution. Neither the Court nor the government received Vo's motion. In January 2007, Petitioner resubmitted his § 2255 motion, along with a Motion to Extend Deadline for Filing of Motion Under 28 U.S.C. § 2255. On February 20, 2007, the Court issued an Order that invited the United States to file a response to Vo's Motion to Extend Deadline for Filing of Motion. The United States, in a letter dated March 6, 2007, indicated that it would not be filing a response to Vo's Motion to Extend. By Order dated March 14, 2007, the Court found that Petitioner Vo timely filed his 28 U.S.C. § 2255 motion and ordered the United States to respond to Petitioner's motion within thirty days.

In his § 2255 petition, Vo challenges the sentence imposed upon his conviction after a jury trial in December 2003, for a drug trafficking offense. Vo contends that his sentence was improper because the attorney who represented him at trial, Michael A. Weight, Esq., was ineffective for failing to (1) pursue an alleged jury tampering incident, and, (2) object to the testimony of Vo's wife. Accordingly, Vo contends that his sentence should be vacated, set aside, or corrected.

In order for the United States to investigate Vo's contention that he received ineffective assistance from the attorney who represented him at his trial, it will be necessary to interview Mr. Weight. For the reasons stated in part C

herein, we request that the Court issue an order finding that Vo has waived his attorney-client privilege with Mr. Weight as to these issues, so that Mr. Weight may be interviewed regarding Vo's claim without violating the attorney-client privilege.

B.  BACKGROUND

On April 24, 2003, a Superseding Indictment was returned in the District of Hawaii charging petitioner Vo with conspiracy to distribute (and to possess with intent to distribute) in excess of 50 grams of crystal methamphetamine ("ice") in violation of 21 U.S.C. § 841(a)(1) (Count 1), and, aiding and abetting in the possession with intent to distribute in excess of 50 grams of crystal methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2).

In May 2003, Vo proceeded to trial before Senior Judge Alan C. Kay.  On May 27, 2003, the jury returned a verdict finding Vo guilty as to Count 2.  The Court declared a mistrial as to Count 1.

On December 15, 2003, Judge Kay sentenced Vo to 262 months imprisonment and a 10-year supervised release term.

Vo appealed his conviction and sentence on direct appeal to the Ninth Circuit.  On June 27, 2005, the Ninth Circuit affirmed Vo's conviction and remanded the case to the District Court solely for the purpose of sentencing Vo consistent with United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005), which

instructs the District Court to review a defendant's sentence to determine whether the sentence would have been materially different had the court known that the sentencing guidelines were advisory in accordance with <u>United States v. Booker</u>, 543 U.S. 220 (2005). On September 21, 2005, the Court issued an order declining to re-sentence Vo pursuant to <u>Ameline</u> and adopting the judgment of December 15, 2003. On November 28, 2005, the United States Supreme Court denied Vo's petition for a writ of certiorari. As discussed above, Vo's present motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was deemed to be timely filed within the one-year statutory limitation period provided by 28 U.S.C. § 2255.

    C.    REQUEST FOR ORDER FINDING ATTORNEY-CLIENT PRIVILEGE WAIVER AS TO FORMER ATTORNEY MICHAEL A. WEIGHT AND REQUEST FOR ADDITIONAL <u>TIME TO RESPOND TO PETITIONER'S MOTION</u>

The United States will need to interview Mr. Weight in order to investigate Vo's claim that his former attorney provided him with ineffective assistance of counsel. The United States will have to explore the conversations that took place between petitioner and Mr. Weight that caused Mr. Weight to decide not to pursue the alleged jury tampering incident and not object to the testimony offered by Vo's wife at trial. The position of the United States is that by raising this claim of ineffective assistance of counsel, petitioner has waived his attorney-client privilege as to those conversations with Mr. Weight related to

4

these issues.  <u>Tasby v. United States</u>, 504 F.2d 332, 336 (8th Cir. 1974), <u>cert. denied</u>, 419 U.S. 1125 (1975).

After a preliminary conversation with Mr. Weight, Mr. Weight has requested that the United States obtain an Order from the Court declaring the attorney-client privilege waived before he responds to the United States' request for an interview and affidavit.  Accordingly, in order for the United States to investigate Vo's claims and to file an informed response, we respectfully request that the Court issue the annexed proposed order, making a written finding that Vo has waived his attorney-client privilege as to these communications and issues, so that Mr. Weight can be interviewed by the United States without violating the attorney-client privilege.

In addition, we respectfully request that the Court grant the United States' request for an extension of time in which to file a response to Vo's motion.  Mr. Weight has since retired from the Office of the Federal Public Defender and the United States' efforts to contact him have been delayed as Mr. Weight was out of town.

Accordingly, undersigned government counsel respectfully requests this Court issue an order, or a similar order, finding that petitioner Vo has waived his attorney-client privilege as to communications with Mr. Weight concerning issues

5

raised by Vo in his § 2255 petition and grant the United States's request for additional time to respond to Vo's motion.

DATED: April 12, 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR
United States Attorney
District of Hawaii


By /s/ Candace Kelly
   CANDACE KELLY
   Assistant U. S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

       I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

Mr. Rick Vo                                           April 12, 2007
TCI #95795-012
P.O. Box 7001
Taft, CA 93268

                                                 /s/ Rowena Kang