IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| RICK VO, | ) | Civil No. 07-00052 ACK-BMK |
|  | ) | Criminal No. 02-00411 ACK 01 |
| Petitioner, | ) |  |
| vs. | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**ORDER FINDING THAT PETITIONER RICK VO HAS WAIVED HIS ATTORNEY-CLIENT PRIVILEGE AS TO THE INSTANT § 2255 PROCEEDINGS AND GRANTING EXTENSION OF TIME**

BACKGROUND

Petitioner Rick Vo filed a petition pursuant to 28 U.S.C. § 2255 challenging his sentence of 262 months imprisonment imposed in December 2003, upon Vo's conviction after a jury trial for a drug trafficking offense. Vo's conviction was affirmed on direct appeal to the Ninth Circuit in an opinion filed June 27, 2005. The Ninth Circuit granted a limited remand to the District Court for the sole purpose of sentencing consistent with United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). On September 21, 2005, the District Court issued an order declining to re-sentence Vo pursuant to Ameline and adopting the judgment of December 15, 2003. On November 28, 2005, the United States Supreme Court denied Vo's petition for a writ of certiorari.

In his § 2255 petition, Vo claims that he did not receive effective assistance of counsel at trial because his attorney, Michael A. Weight, failed to pursue an alleged jury tampering incident and failed to object to the testimony of Vo's wife. In Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003), the Ninth Circuit held that "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer." The Court finds that in making and pursuing this allegation of ineffective assistance of counsel against Mr. Weight in his present § 2255 petition, petitioner Vo has waived the attorney-client privilege that might otherwise apply to the communications between a defendant and his attorney, as to the issue raised in the § 2255 petition, as well as to communications between petitioner and Mr. Weight reasonably related to such claims.

Accordingly, in order to investigate the ineffective assistance of counsel claim made by petitioner Vo in his present § 2255 petition and to reply to such claim, the United States Attorney is entitled to inquire into certain communications between petitioner Vo and Mr. Weight, which communications would otherwise be protected by the attorney-client privilege. Consequently, Mr. Weight is authorized to provide information to

the United States about such attorney-client communications between petitioner Vo and Mr. Weight, to the extent such communications involve, or are reasonably related to, the ineffective assistance of counsel claim made in Vo's § 2255 petition.

The Court grants the Motion for Extension of Time to allow Defendant additional time to conduct further research.  The Court finds it appropriate to direct the Government to file a response to Petitioner's Section 2255 Motion within twenty (20) days of the date of this Order.  In the event a response is not filed within such time period, the Court will assume that the Government has no opposition to the relief requested.  If the Petitioner wishes to file a reply to the Government's response, the Petitioner is directed to file his reply within fifteen (15) days of the date of service of the Government's response.

On April 2, 2007, Petitioner Vo filed a Motion for an Evidentiary Hearing on his Section 2255 Motion.  A court shall hold an evidentiary hearing on a motion under Section 2255 "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  "A court may entertain and determine such [a] motion without requiring the production of the prisoner at the hearing."  <u>Id.</u>  In short,

> The standard essentially is whether the
> movant has made specific factual allegations

>     that, if true, state a claim on which relief
>     could be granted.  A hearing must be granted
>     unless the movant's allegations, when viewed
>     against the record, do not state a claim for
>     relief or are so palpably incredible or
>     patently frivolous as to warrant summary
>     dismissal.

<u>United States v. Schaflander</u>, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted); <u>Shah v. United States</u>, 878 F.2d 1156, 1158 (9th Cir. 1989); <u>see also</u> <u>United States v. Quan</u>, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required."). The choice of method for handling a Section 2255 motion is left to the discretion of the district court.  <u>See id.</u> (citing <u>Watts v. United States</u>, 841 F.2d 275, 277 (9th Cir. 1988)). Prior to the submission of the Government's response and Petitioner's optional reply, the Court does not have before it all the files and records relating to the instant § 2255 petition.  The Court declines to rule on Petitioner's Motion for an Evidentiary Hearing until briefing by the parties in the matter is complete.

```
     IT IS SO ORDERED.

     DATED:  HONOLULU, HAWAII, April 16, 2007.
```



```
                         _____
                         Alan C. Kay
                         Sr. United States District Judge
```

Rick Vo v. United States of America, Civil No. 07-00052 ACK-BMK; Criminal No. 02-00411 ACK; Order Finding that Petitioner Rick Vo Has Waived His Attorney-Client Privilege As To The Instant § 2255 Proceedings and Granting Extension of Time.