IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICK VO,<br><br>           Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | CV. NO. 07-00052 ACK-BMK<br>CR. NO. 02-00411 ACK<br><br>DECLARATION OF<br>MICHAEL A. WEIGHT |

## DECLARATION OF COUNSEL

I, MICHAEL A. WEIGHT, hereby state under penalty of perjury that the following is true and correct:

1. I was counsel for plaintiff, RICK VO, having been appointed pursuant to the Criminal Justice Act.

2. At the time I represented Mr. Vo, I was an Assistant Federal Public Defender and had been so employed since 1997. I retired from the practice of law on December 31, 2005.

3. On December 16, 2003, Mr. Vo was sentenced by Judge Alan C. Kay to 262 months imprisonment, ten years of supervised release, and a $100 special assessment.

4. On November 19, 2005, Mr. Vo filed the instant § 2255 Motion claiming that he received ineffective assistance of counsel because I failed to pursue an alleged jury tampering incident and because I failed to object to the testimony of his wife, Brenda Maria Vo.

Exhibit C

5. After initially being appointed to represent Mr. Vo, I spoke to him at great length and we discussed his and his wife's mutual concern that if they were to each proceed to trial, they would, in all likelihood, be convicted.

6. Mr. and Mrs. Vo are the parents of two minor children and it was paramount to both, as part of a joint defense strategy, that one parent should be sentenced to the least amount of time in custody as possible so that parent would be available to care for their children soonest.

7. As Mrs. Vo had prior drug convictions, she faced the possibility of life imprisonment if she were convicted in the Federal proceeding. Mr. Vo, on the other hand, would not face a life sentence if he were to be convicted in the instant case. In addition, his case was factually more defensible than his wife's.

8. The trial strategy that we (Rick Vo, myself, Brenda Vo and her counsel) worked out was to have Mrs. Vo 'flip' on Mr. Vo in return for significant sentencing considerations from the government on her behalf. It was clearly understood and planned that Mr. Vo's case would proceed to trial and that Mrs. Vo would testify against him. This strategy would give Mrs. Vo maximum sentencing consideration for her cooperation and hopefully result in a short sentence for her. Mr. Vo clearly understood that he risked facing a conviction on one or both counts and could end up

with a long sentence. He opted to take this risk so that his minor children would not become judicially orphaned with both their parents interminably imprisoned.

9. Thus, Mr. Vo's contention that I provided him with ineffective assistance of counsel for failing to object to his wife's testimony at trial is untrue. While it is true that I did not object to Mrs. Vo's testimony, I was merely implementing the trial strategy that both Mr. and Mrs. Vo had chosen to pursue.

10. With respect to Mr. Vo's other claim, on May 16, 2003, during the course of the jury trial, the Court indicated that one of the jurors had reported overhearing someone who he thought was a DEA witness while eating lunch in the Federal Building cafeteria. The juror claimed to have overheard the DEA witness say that one of the jurors was frowning.

11. The Court directed the attorneys to caution all of their witnesses that they should use discretion while eating and conversing in the Federal Building cafeteria since the jurors also eat in the cafeteria.

12. The Court then inquired if there was anything else counsel wanted to do regarding this matter. So as not to draw further attention to, or emphasize the matter, I informed the Court that I thought the matter was best left alone.

13. The facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

DATED: May 11, 2007, at Honolulu, Hawaii.

MICHAEL A. WEIGHT