IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICK VO | ) | |
| | ) | |
| VS | ) | CV. NO. 07-00052 ACK-BMK |
| | ) | CR. NO. 02-00411 ACK |
| UNITED STATES OF AMERICA | ) | |

### PETITIONER'S RESPONSE TO GOVERNMENTS BRIEF

1. AFPD Weight's decision not pursue jury tampering

    is ineffective assistance of counsel.

It is clearly established that the Supreme Court views denial of the right to an impartial decision maker to be such an error that it taints the resulting conviction with constitutional infirmity.

To succeed petitioner must meet the familiar two prong test set out in <u>Strickland vs. Washington</u>, 466 U.S. 668 (1984), deficient performance and prejudice.

Both the deficient performance and prejudice prongs are met by counsel's lack of response in the face of express actions and comments of Government's witnesses in the presence of jury members. A juror was clearly so affected by the actions, that he brought it to the attention of the Court.

However, we do not know what other possible comments or signals were being uttered or made in the jury's presence because counsel failed to investigate the incident. The concern of the jury member that brought this to the attention of the court needed to be investigated to assess the severity of the prejudice formed by the actions of the government's witnesses or personnel. One juror was distraught enough to call it to the attention of the court. Yet AFPD Weight failed to act, prejudicing Petitioner.

Counsel's duty, in respect to a jury member's inquiry into the propriety of a governments agent's gestures, signals or signs, and utterances, is to investigate and mitigate any potential damage to the integrity of the jury. It is also the duty of defense counsel to challenge the government to prove that such conduct was unintentional and that there is no presumption of prejudice. AFPD Weight failed to do this. Thus failing in to effectively represent his client. Such conduct is unreasonable and falls below prevailing professional norms.

A counsel that is unable to provide effective representation or that provides nominal representation, provides the same representation as no counsel at all, rendering the proceedings inadequate. Counsel's failure to pursue this issue deprived petitioner of his ability to make use of the procedural rights Constitutionally guaranteed to Him in such trial, that the proceeding itself failed to comport with due process under the Fourteenth Amendment.

Further, counsel's failure tilted the scale of the adversarial process to the Governments favor, because no investigation was conducted. See Government Exhibit C ¶ 12.

Given an opportunity to explain his reasons and how they fitted into the trial strategy and how it would serve his client, AFPD Weight simply sweeps everything under the rug by claiming trial strategy. There are no explanations, no support, and no reasons for such a flawed move. Strckland states, in applicable part, "A fair assessment of attorney performance requires every effort be made to eliminate the distorting effects of hindsight", here the government attempts to distort, in hindsight, counsel's failure to act on behalf of his client by calling it trial strategy. This Court can not allow for such a double standard.

Defense counsel conduct does not meet the reasonable standard of Strickland vs Washinton, and the prejudice prong is clearly satisfied by not having impartial decision makers in the jury. The outcome of the trial is questionable because impartial jurors may have reached a different verdict.

2. AFPD Weight's assertion that his failure to object to Brenda Vo's testimony was trial strategy is false and untrue.

AFPD Weight asserts under penalty of perjury that Rick Vo, Brenda Vo, her attorney, and himself worked out a trial strategy.

This assertion has no merit or foundation and it is fictitious. However, if AFPD Weight did work this trial strategy out, it was without the knowledge of Petitioner. Vo is completely unaware of any meetings, conferences, or correspondence of any kind which hinted to such an accord. AFPD Weights' actions thus created a conflict of interest and his performance deficient.

Perhaps the most basic duty of counsel is that of loyalty to his client. When counsel breaches this duty, prejudice must be presumed. AFPD Weight states, Government's Exhibit C, ¶ 6-8, that Petitioner and his wife worried about their children becoming wards of the State. That as part of a joint defense Brenda Vo would testify against Petitioner. That Petitioner, Brenda Vo, her attorney, and Himself worked out the strategy. See Gov. Ex. C ¶ 6. AFPD Weight had an ethical obligation to represent Vo, and to avoid any possible conflicts of interest. By developing a strategy that would benefit Brenda Vo without considering or consulting his client AFPD Weight failed to protect the interest of his client, created a conflict of interest, breached his duty, and prejudiced his client.

Secondly in analyzing and assessing the case, AFPD Weight could not avoid the responsibility of advising petitioner that he stood to gain the most by testifying against Brenda Vo, because of her prior criminal record. That he would receive the the greatest consideration from testifying. AFPD Weight's deficient performance and his dereliction of duty fall clearly below professional norms.

This Honorable Court can not possibly rely on AFPD Weight's affidavit as it is intended to mislead and distort the facts in an effort to conceal the abridgement of petitioner's right to effective assistance of counsel. AFPD Weight's actions betray his affidavit. AFPD Weight filed a direct appeal with the Ninth Circuit Court of Appeals in which he specifically asks the Court to grant relief on the basis of marital privilege. See Petitioner Exhibit A, pg 2. However, the Court failed to review the merits of the issue because as the Court put it, "He waived the privilege", because "He failed to object at the time it was offered" U.S. vs VO, 413 F.3d 1010. The Government's brief claims, as AFPD Weight in his affidavit, that this was trial strategy, but the arguments presented by AFPD Weight in Petitioner's direct appeal repudiate any and all arguments to this very fact. See Exhibit A pgs 43-53. It is a feeble attempt by both the Government and AFPD Weight to oppress the truth.

## CONCLUSION

This Honorable Court is urged to grant Petitioner's motion for an evidentiary hearing, as there too many inconsistencies in the affidavit of AFPD Weight, and he fails to concisely articulate justifiable reasons for the alleged trial strategy he employed. The lack of a credible declaration and his failure to elaborate, in the affidavit, conclusively illustrate counsel's deficient and prejudicial performance.

The Government fails to make an attempt to respond to Petitioner's claims of ineffective assistance of counsel. For the foregoing reasons, Petitioner prays that this Court grant relief and vacate sentence, and order a new trial or grants Petitioner's motion for an evidentiary hearing.

DATED: May 30, 2007, at Taft, California.

*/s/ Rick Vo*
Rick Vo 95795-012
P.O. Box 7001
Taft, CA 93268-7001

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at the last known address:

Served by first Class Mail:

CANDACE KELLY CA BAR 191473
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850

DATED: May 30, 2007, at Taft, CA 93268-7001

Rick Vo 95795-012
P. O. Box 7001
Taft, CA 93268-7001