ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 23 2007

at 4 o'clock and 30 min. PM
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICK VO, | ) | Civil No. 07-00052 ACK-BMK |
| Petitioner, | ) | Criminal No. 02-00411 ACK 01 |
| vs. | | |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

**MOTION FOR RECONSIDERATION OR ISSUANCE OF CERTIFICATE**

**OF APPEALABILITY FROM DENIAL OF PETITIONER'S § 2255**

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Now comes petitioner, Rick Vo, and respectfully urges this Honorable Court to reconsider its denial his § 2255 motion in light of newly established precedent, that being United States v. Simtob, 485 F.3d 1058 (9th Cir. 2007). If this Honorable Court does not reconsider Petitioner respectfully requests that it issue a certificate of appealability to grant review by the appeals court.

**DISCUSSION**

**I. Jury Tampering Incident**

This Court denied petitioner's ineffective assistance of counsel claim on June 28, 2007, based on the reasonableness of AFPD Weight's strategy. Further, this court held that there was not any impact as provided by Remmer v. United States, 347 U.S. 227, 230, (1954). However, the Ninth Circuit Court of Appeals recently held in U.S. v. Simtob, 485 F.3d 1058, (9th Cir. 2007), a case that parallels

this one, that: 1) "Because the court made no inquiry of the juror when the juror voiced his concern... the court abused its discretion." 2)That the Government has the burden of rebutting the presumption of prejudice beyond a reasonable doubt. 3) That counsel's actions in not perusing the juror's claim of jury tampering fell with in the wide range of professional competent assistance.  In the Simtob case, the incident involved was mere indirect eyeballing of a juror, by the defendant, that he later disavowed. The Appeals Court vacated Simtomb's conviction and remanded the case to the district court, so that it would hold a hearing. This Court did not issue any curative instructions to the jury regarding the contact, in light of what the juror in question might have communicated to other jurors. The court held in Simtob that the lack of curative instructions and the lack of inquiry to the incident necessitated holding a hearing to determine the question of bias that might of been communicated by the affected juror the other members of the jury and what effect it had on the deliberations.

    For the foregoing reasons petitioner prays that this Court apply the standard of United States v. Simtob, 485 F.3d 1058 (2007). Since the decision reached by the Ninth Circuit came so late that this court may not have had the opportunity to take into account such a recent precedent, the court is asked to reconsider its denial and hold an evidentiary hearing. In the event this Court denies petitioner's motion for reconsideration this Court respectfully urged to issue a certificate of appealability on the grounds that petitioner was denied his Sixth Amendment right to an impartial jury.

I. The Marital Communications Privileged

Petitioner's second claim of ineffective assistance of counsel is based on the failure, of AFPD Weight, to object to the testimony of Brenda Vo, thus a violation of the marital communications privilege. The Court relies on United States v. Marashi, 913 F.2d 724 (9th Cir. 1990), where the Ninth Circuit recognizes the "partnership in crime" exception to the marital communications privilege. However, since AFPD Weight never objected to the testimony of Brenda Vo, this Court can not now justify his not objecting based on fictitious strategic claims without holding an evidentiary hearing. In Marashi, the defendant clearly asks his wife to assist him in committing a crime, when he directs her to help him underreport their income on their tax returns, and she willingly complies. Here Brenda Vo admits to not knowing what the boxes contained, so no agreement and no partnership to commit any crime existed. The fact is that Brenda was not a participant at the time of her communications. Further this Court is denying petitioner's Fourteenth Amendment due process rights by not granting appellate review on the issue. By this Court answering the question of whether Brenda Vo was a participant in furtherance of crime in this venue it denies petitioners access to review by an appellate court. Thus denying petitioner access to the courts. The fact the Court feels compelled to answer the question of whether or not the marital communications privilege is an indication that counsel's performance fell below professional standards. Thus petitioner respectfully requests that this Court issue a certificate of appealability so that the Ninth Circuit review the claim.

III. Conclusion

For the foregoing reasons petitioner prays that this court reconsiders its decision, to deny petitioner's § 2255 motion, and order an evidentiary hearing, or in the alternative that it issue certificates of appealability. Petitioner has included a memorandum of law that further details his claim of jury tampering.

DATED: 7-17-07

RICK VO 95795-012
TAFT CORRECTIONAL INSTITUTION
P.O. BOX 7001
TAFT, CA. 93268