EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

CANDACE KELLY CA BAR 191473
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Candace.Kelly@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICK VO, | ) | CV. NO. 07-00052 ACK-BMK |
| | ) | CR. NO. 02-00411 ACK |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | UNITED STATES' RESPONSE TO |
| | ) | MOTION FOR RECONSIDERATION OR |
| UNITED STATES OF AMERICA, | ) | ISSUANCE OF CERTIFICATE OF |
| | ) | APPEALABILITY FROM DENIAL OF |
| Respondent. | ) | PETITIONER'S MOTION UNDER |
| | ) | 28 U.S.C. § 2255 |
| | ) | |
| | ) | |
| _____ | ) | |

UNITED STATES' RESPONSE TO MOTION FOR
RECONSIDERATION OR ISSUANCE OF CERTIFICATE
OF APPEALABILITY FROM DENIAL OF
PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

<u>UNITED STATES' RESPONSE TO MOTION FOR
RECONSIDERATION OR ISSUANCE OF CERTIFICATE
OF APPEALABILITY FROM DENIAL OF PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255</u>

The United States of America, by its undersigned counsel, hereby submits its opposition to Petitioner Rick Vo's ("Vo") Motion for Reconsideration or Issuance of Certificate of Appealability From Denial of Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  In sum, Vo has not set forth any extraordinary circumstances or new factual or relevant legal grounds to indicate that this Court should reconsider its Order, entered on June 28, 2007, denying Vo's § 2255 petition.  Likewise, petitioner has not made a substantial showing of the denial of a constitutional right such that a certificate of appealability should be issued.  Accordingly, petitioner's motion for reconsideration and request for the issuance of a certificate of appealability should be summarily denied.

I.    <u>PROCEDURAL BACKGROUND</u>

On December 15, 2003, Vo was sentenced to 262 months of imprisonment upon his conviction for a drug trafficking offense.  On August 9, 2005, the Ninth Circuit affirmed the district court's judgment and remanded Vo's case solely for re-sentencing pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005).  On September 21, 2005, this Court declined to re-sentence Vo and adopted the judgment of December 15, 2003.  On January 30, 2007, Vo filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody that

was deemed to be timely filed.  In his motion, Vo claimed that he was provided with ineffective assistance of counsel because his attorney failed to pursue an alleged jury tampering incident and failed to object at trial to the testimony of his wife.  On June 28, 2007, Vo's § 2255 motion was denied.

On July 23, 2007, Vo filed the instant Motion for Reconsideration or Issuance of Certificate of Appealability from Denial of Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  With respect to Vo's claim that he received ineffective assistance of counsel because his attorney failed to pursue an alleged jury tampering incident, Vo asks this Court to reconsider its denial of his § 2255 motion and hold an evidentiary hearing.  Vo argues that a recently decided Ninth Circuit case provides new legal precedent requiring this Court to hold an evidentiary hearing to determine what effect an incident of alleged jury tampering had on the jurors and their deliberations.  In the alternative, Vo asks that the Court issue a certificate of appealability for an alleged denial of his Sixth Amendment right to an impartial jury.

With respect to Vo's claim that he received ineffective assistance of counsel because his attorney failed to object to the testimony of his wife at trial, Vo appears to argue that an evidentiary hearing should have been held in order to determine whether his wife was a participant in joint criminal activity,

such that their conversations fell within an exception to the marital communications privilege.  Vo requests the issuance of a certificate of appealability and appears to claim that his Fourteenth Amendment due process rights would be denied if a certificate of appealability is not issued.

II.  ARGUMENT

    A.  Motion for Reconsideration

        1.  Applicable Legal Standard

Vo's request for relief fails to identify a source of legal authority for the relief sought.  However, a number of federal circuit courts of appeal, including the Ninth Circuit, have held that a party may file a motion to reconsider either the denial or grant of a § 2255 motion and have usually cited Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("FRCP") as authorizing the filing of such motions.  See, e.g., United States v. Martin, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)(noting that "[m]otions for reconsideration after a final order are therefore available in § 2255 cases"); United States v. Clark, 984 F.2d 31, 34 (2d Cir. 1993).  The Second Circuit has indicated that a motion to reconsider a § 2255 ruling filed within 10 days of entry of the challenged order is treated as a Rule 59(e) motion and as a Rule 60(b) motion if filed thereafter.  Clark, 984 F.2d at 34.  The Ninth Circuit, however, has not yet had the opportunity to consider this particular issue.  See Martin, 226

F.3d at 1048 n.8 (acknowledging the Second Circuit's conclusion in Clark and stating that "perhaps" motions for reconsideration filed outside the ten-day period prescribed by Rule 59 can be treated as Rule 60(b) motions).

### a.   FRCP Rule 59(e)

FRCP Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.  In the event this Court takes the position that motions for reconsideration filed after a final order in a § 2255 case are treated as FRCP Rule 59 motions, Vo's motion for reconsideration is untimely.  Vo filed the instant motion on July 23, 2007, more than 10 days after the entry of this Court's Order on June 28, 2007 denying Vo's § 2255 motion.  Thus, Vo's motion for reconsideration is untimely under Rule 59(e) and should be dismissed.

### b.   FRCP Rule 60(b)

Alternatively, if this Court adopts the Second Circuit's treatment of motions for reconsideration filed more than 10 days after entry of judgment as Rule 60(b) motions, Vo's motion for reconsideration is timely.  Rule 60(b) provides, in part, as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or

4

>excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

In evaluating FRCP Rule 60(b) motions filed by habeas petitioners, the courts of appeal have struggled with the issue of whether a 60(b) motion should be treated as a second or successive habeas petition requiring prior approval by the court of appeals under 28 U.S.C. § 2244(b)(3)(A). Hamilton v. Newland, 374 F.3d 822, 823 (9th Cir. 2004); Rodwell v. Pepe, 324 F.3d 66, 69-71 (1st Cir. 2003). Some circuits have taken the position that Rule 60(b) motions are never treated as second or successive petitions, while other circuits have decided that Rule 60(b) motions are always treated as second or successive petitions. See In re Abdur'Rahman, 392 F.3d 174, 179-82 (6th Cir. 2004); Hamilton, 374 F.3d at 823; Rodwell, 324 F.3d at 69-71; Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998); United States v. Rich, 141 F.3d 550, 551-53 (5th Cir. 1998).

5

As the Sixth Circuit observed in Abdur'Rahman, 392 F.3d at 179-80, "the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation." Rule 60(b) "deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief." Rodwell, 324 F.3d at 70. By contrast, a second or successive habeas petition "seeks to invalidate the . . . judgment of conviction based on a constitutional error." Abdur'Rahman, 392 F.3d at 179.

The Ninth Circuit has adopted a "moderate" approach that proceeds with a case by case determination of the relief sought in the Rule 60(b) motion in order to determine whether the 60(b) motion should be treated as a second or successive § 2255 petition. Hamilton, 374 F.3d at 822; Thompson, 151 F.3d at 921 n.3. In addition, the Ninth Circuit has held that a Rule 60(b) motion that raises new challenges to a conviction and sentence are more properly construed as a second or successive § 2255 motion. Thompson, 151 F.3d at 921. But see Ortiz v. Stewart, 195 F.3d 520, 520 (9th Cir. 1999)(Rule 60(b) motion treated as a successive habeas petition where claim presented by the Rule 60(b) motion was previously raised and considered in petitioner's first habeas petition).

In the instant case, Vo's motion does not raise any new constitutional challenges to his conviction and sentence. Vo's

6

motion reasserts the exact same basis alleged in his § 2255 petition - ineffective assistance of counsel. Moreover, the relief Vo seeks with respect to his motion for reconsideration is an evidentiary hearing to determine whether the alleged jury tampering incident impaired the jury's ability to act fairly and impartially. Although Vo makes no specific request, Vo appears to indirectly request that the Court also reconsider its denial of his § 2255 petition with respect to his ineffective assistance of counsel claim due to his attorney's failure to object to his wife's testimony at trial. Vo also appears to request an evidentiary hearing to determine whether his wife was engaged in joint criminal activity, such that her testimony was admissible under the "partnership in crime" exception to the marital communications privilege.

(i) Treatment as a Rule 60(b) Motion

If Vo's motion for reconsideration is treated as a Rule 60(b) motion, Vo's motion was filed within a reasonable time of the Court's June 28, 2007 order denying his § 2255 motion and should be deemed timely filed. See Fed. R. Civ. P. 60(b). As previously mentioned, Vo's motion for reconsideration does not specify any legal authority for the relief he seeks. More specifically, Vo's motion does not identify which of the subsections enumerated under Rule 60(b) permit this Court to grant relief. Arguably, the only subsection of Rule 60(b)

applicable to the arguments raised in Vo's motion is subsection (6) - "any other reason justifying relief from the operation of judgment." See Rich, 141 F.3d at 551 n.2 (noting that defendant's argument, that a subsequently decided case effected a change in the law rendering the judgment against him unfair, does not correspond to any of the reasons listed in Rule 60(b)(1)-(5), therefore the district court appropriately viewed it as a motion under Rule 60(b)(6)).

The Supreme Court has cautioned that relief under Rule 60(b)(6) should only be applied in "extraordinary circumstances." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 (1988)(citing Ackermann v. United States, 340 U.S. 193 (1950)). The Ninth Circuit has stated that "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

Such "extraordinary circumstances" do not exist in this case. Vo merely argues that the case of United States v. Simtob, 485 F.3d 1058 (9th Cir. 2007), decided shortly before the Court issued its June 28, 2007 Order denying his § 2255 motion, requires reconsideration in the instant case. Courts have held that "[i]ntervening developments in the law by themselves rarely

constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997). See Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001); Ritter v. Smith, 811 F.2d 1398, 1401 (11th Cir. 1987). Contrary to Vo's assertion, Simtob does not represent an intervening change in the law, nor does it present an extraordinary circumstance justifying relief under Rule 60(b)(6). More specifically, Simtob is entirely distinguishable from the instant case.

The defendant in Simtob was indicted on various federal drug charges. At the end of the first day of the jury trial, one of the jurors reported feeling threatened by the defendant who had been allegedly "eyeballing" the juror in the courtroom. The district court cautioned the defendant that he was not allowed to intimidate anyone in the courtroom, but made no inquiry of the threatened juror regarding the incident. The following day, defendant requested that the threatened juror be replaced with an alternate. The district court denied defendant's request and did not issue any curative instructions to the jury regarding the incident. Defendant was convicted and subsequently appealed his conviction and sentence.

The Ninth Circuit stated that a presumption of prejudice applies "when there has been improper contact with a juror or any form of jury tampering - whether direct or

indirect." Simtob, 485 F.3d at 1064. The Ninth Circuit concluded that the district court, by failing to make an inquiry of the threatened juror, failed to take proper remedial action. Defendant's conviction was vacated and the case was remanded to the district court so that the complaining juror could be recalled and questioned regarding whether the perceived threat impaired that juror or any other juror's ability to act fairly and impartially.

In the instant case, one of the jurors merely reported overhearing a government agent or witness comment, while having lunch in the Federal Building cafeteria, that one of the jurors was frowning. The juror in the instant case did not report feeling threatened as a result of, or upon overhearing the comment. Moreover, this incident did not rise to the level of "improper contact" or "jury tampering" as in Simtob, such that the presumption of prejudice applies, requiring inquiry of the affected juror. As this Court observed in its June 28, 2007 Order, the statement overheard by the juror is "sufficiently ambiguous." Unlike the "eyeballing" of the juror in Simtob, the potential prejudicial effect of the remark overheard by the juror in the instant case is not patently obvious. In fact, it is unclear what effect, if any, this overheard remark could have had on the jury's deliberations. Simtob is factually distinguishable from the instant case and does not present such extraordinary

circumstances as would justify relief under Rule 60(b)(6). Accordingly, Vo's motion for reconsideration should be denied.

       (ii) <u>Treatment as Second or Successive § 2255 Motion</u>

   In the event Vo's motion for reconsideration is deemed to be a second or successive § 2255 motion, Vo's motion should be dismissed for lack of jurisdiction since Vo has not filed a motion with the Ninth Circuit requesting authorization to file a second or successive § 2255 motion, as required by §§ 2255 and 2244(b)(3)(A). Even if Vo had received authorization to file a second or successive § 2255 motion, Vo's motion should nonetheless be denied as untimely since it was filed outside of the one-year period of limitations from the date on which Vo's judgment of conviction became final.

   Pursuant to § 2255, a second or successive § 2255 motion must be certified, as provided in § 2244, by a three-judge panel of the appropriate court of appeals to contain: (1) newly discovered evidence or (2) a new rule of constitutional law that was previously unavailable. Section 2244(b)(4) provides that a district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

   Vo has not moved the appropriate court for an order certifying the filing of a second or successive petition, nor

11

would he succeed in such a request if one were in fact filed.  Vo does not allege that any newly discovered evidence exists, nor that any new rule of constitutional law exists.  The alleged newly decided legal precedent Vo cites is neither "newly discovered evidence" nor a new rule of constitutional law.  Accordingly, Vo's motion for reconsideration should be dismissed.

    B.    <u>Request for Certificate of Appealability</u>

        Title 18 U.S.C. § 2253(a) provides that in a habeas corpus proceeding or a proceeding under § 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.  Section 2253(c)(1)(B) provides that unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under § 2255.  Section 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

        The Ninth Circuit has held that district courts possess the authority to issue certificates of appealability in § 2255 proceedings.  <u>United States v. Asrar</u>, 116 F.3d 1268, 1270 (9th Cir. 1997).  The Supreme Court has stated that where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward.  "The

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This determination requires an overview of the claims in the habeas petition and a general assessment of their merits. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

    1.    Alleged Jury Tampering Incident

As an alternative to his motion for reconsideration with respect to the alleged jury tampering incident, Vo requests that the Court issue a certificate of appealability on the grounds that he was denied his Sixth Amendment right to an impartial jury. While Vo's claim implicates an alleged denial of a constitutional right, he has not made a "substantial showing" as contemplated by § 2253(c)(2). In fact, other than stating that he was denied his Sixth Amendment right to an impartial jury, Vo makes no showing at all regarding the alleged denial of this constitutional right. In addition, as the Court noted in its June 28, 2007 Order, in evaluating claims of ineffective assistance of counsel, the Supreme Court has held that judicial scrutiny of counsel's performance must be highly deferential. Strickland v. Washington, 466 U.S. 668, 689 (1984). Vo would be hard pressed to establish that reasonable jurists would find this Court's assessment of the ineffective assistance of counsel issue debatable or wrong. Accordingly, Vo's request for the issuance

of a certificate of appealability should be denied with respect to this issue.

      2. <u>Marital Communications Privilege</u>

      Vo also requests a certificate of appealability with respect to the Court's denial of his § 2255 motion for ineffective assistance of counsel due to his attorney's alleged failure to object to his wife's testimony at trial.  Vo appears to argue that the Court should have held an evidentiary hearing to determine whether his attorney failed to object to his wife's testimony based on legitimate strategic reasons and to determine whether his wife knew that she was participating in criminal activity when she agreed to mail a parcel containing narcotics on Vo's behalf.  It seems that Vo contends these errors denied him his Sixth Amendment right to counsel.  Vo also appears to claim that his Fourteenth Amendment due process right will be violated if the Court does not issue a certificate of appealability.

      Again, Vo's motion does not contain a substantial showing of the denial of a constitutional right, nor does it demonstrate that reasonable jurists would find the district court's assessment of the ineffective assistance of counsel claim with respect to the marital communications privilege debatable or wrong.  Moreover, Vo's argument that his Fourteenth Amendment due process right will be violated if the Court does not issue a certificate of appealability is flawed.  As previously discussed,

14

in order to obtain a certificate of appealability, the Supreme Court has stated that the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  Slack, 529 U.S. at 484.  In the instant case, Vo did not raise a Fourteenth Amendment due process violation claim as a basis for relief in his § 2255 motion.  As such, the district court never considered such a claim and Vo cannot rely on this alleged denial of a constitutional right as a basis for his certificate of appealability application.  Accordingly, Vo's request for a certificate of appealability with respect to this issue should be denied.

III. CONCLUSION

       For the foregoing reasons, the United States requests that Vo's Motion for Reconsideration or Issuance of Certificate of Appealability be denied in its entirety.

       DATED: September 7, 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR
United States Attorney
District of Hawaii

By /s/ Candace Kelly
   CANDACE KELLY
   Assistant U. S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

| | |
|---|---|
| Mr. Rick Vo<br>TCI #95795-012<br>P.O. Box 7001<br>Taft, CA 93268 | September 7, 2007 |

                                        /s/ Rowena Kang