EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

CANDACE KELLY CA BAR 191473
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Candace.Kelly@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICK VO, | ) | CV. NO. 07-00052 ACK-BMK |
| | ) | CR. NO. 02-00411 ACK |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | UNITED STATES' RESPONSE TO |
| | ) | MEMORANDUM OF LAW IN SUPPORT |
| UNITED STATES OF AMERICA, | ) | OF MOTION UNDER 28 U.S.C. § |
| | ) | 2255 TO VACATE, SET ASIDE OR |
| Respondent. | ) | CORRECT SENTENCE |
| _____ | ) | |

<u>UNITED STATES' RESPONSE TO MEMORANDUM OF LAW
IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE OR CORRECT SENTENCE
PETITIONER'S MOTION UNDER 28 U.S.C. § 2255</u>

The United States of America, by its undersigned counsel, hereby submits its opposition to Petitioner Rick Vo's ("Vo") Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.  In summary, this Court lacks jurisdiction to consider Vo's Memorandum of Law as the Court has already issued an order denying Vo's § 2255 motion

and Vo has not received authorization from the Ninth Circuit to file a second or successive § 2255 motion.

I.  PROCEDURAL BACKGROUND

On December 15, 2003, Vo was sentenced to 262 months of imprisonment upon his conviction for a drug trafficking offense. On August 9, 2005, the Ninth Circuit affirmed the district court's judgment and remanded Vo's case solely for re-sentencing pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005). On September 21, 2005, this Court declined to re-sentence Vo and adopted the judgment of December 15, 2003. On January 30, 2007, Vo filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody that was deemed to be timely filed. In his motion, Vo claimed that he was provided with ineffective assistance of counsel because his attorney failed to pursue an alleged jury tampering incident and failed to object at trial to the testimony of his wife. On June 28, 2007, Vo's § 2255 motion was denied.

On August 1, 2007, Vo filed the instant Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Vo raises a single claim: that he received ineffective assistance of counsel because his attorney failed to request a mistrial or an evidentiary hearing after an alleged jury tampering incident occurred. Vo argues that he is now entitled to an evidentiary hearing so that he can establish

that but for his attorney's failure to request a mistrial or evidentiary hearing, a mistrial would have been declared.

II. <u>ARGUMENT</u>

    A. <u>Vo's Memorandum of Law Should be Dismissed for Lack of Jurisdiction</u>

Vo's Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence fails to identify, and the Government is unaware of any, source of legal authority allowing him to file the instant Memorandum of Law where the Court has already issued an order denying his § 2255 motion. Arguably, Vo's instant Memorandum of Law could be viewed as a second or successive § 2255 motion.

Section 2255 provides, in part, that a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Section 2244(b)(3)(A) provides that before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application.

In the instant case, Vo does not allege, and the government is unaware of, any motion filed by Vo with the Ninth Circuit requesting an order authorizing the filing of a second or successive § 2255 motion. Moreover, Vo does not allege, and the government is unaware of any order issued by the Ninth Circuit authorizing the district court to consider a second or successive § 2255 motion filed by Vo. As such, Vo's Memorandum of Law should be dismissed for lack of jurisdiction.

Even if Vo had filed a motion with the Ninth Circuit requesting an order authorizing the filing of a second or subsequent § 2255 motion, Vo's motion would fail as Vo does not allege that any newly discovered evidence exists, nor that any new rule of constitutional law exists. The argument Vo raises in the instant Memorandum of Law is virtually identical to one of the claims he raised in his original § 2255 motion. In any event, any successive § 2255 motion filed by Vo would be barred by the 1-year period of limitation set forth in § 2255 as more than one year has elapsed since Vo's judgment of conviction became final. Accordingly, Vo's Memorandum of Law should be dismissed.

B.    Request for Certificate of Appealability

In the event the Court construes Vo's Memorandum of Law as a request for the issuance of a certificate of appealability, Vo's request should be denied and his Memorandum of Law should be dismissed. Vo argues that his Sixth Amendment right to effective assistance of counsel was denied due to his attorney's failure to request a mistrial in response to an alleged incident of jury tampering.

Title 18 U.S.C. § 2253(a) provides that in a habeas corpus proceeding or a proceeding under § 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. Section 2253(c)(1)(B) provides that unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under § 2255. Section 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

The Ninth Circuit has held that district courts possess the authority to issue certificates of appealability in § 2255 proceedings. United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). The Supreme Court has stated that where a district court has rejected the constitutional claims on the merits, the

showing required to satisfy § 2253(c) is straightforward. "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This determination requires an overview of the claims in the habeas petition and a general assessment of their merits. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As this Court noted in its June 28, 2007 Order, in evaluating claims of ineffective assistance of counsel, the Supreme Court has held that judicial scrutiny of counsel's performance must be highly deferential. Strickland v. Washington, 466 U.S. 668, 689 (1984). Accordingly, Vo would be hard pressed to establish that reasonable jurists would find this Court's assessment of the ineffective assistance of counsel issue debatable or wrong. Thus, if Vo's Memorandum of Law is treated as a request for the issuance of a certificate of appealability, Vo's request should be denied.

//
//
//
//
//
//
//

III. <u>CONCLUSION</u>

    For the foregoing reasons, the United States requests that Vo's Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence should be denied in its entirety.

    DATED: September 7, 2007, at Honolulu, Hawaii.

    Respectfully submitted,

    EDWARD H. KUBO, JR
    United States Attorney
    District of Hawaii


    By <u>/s/ Candace Kelly</u>
        CANDACE KELLY
        Assistant U. S. Attorney

    Attorneys for Plaintiff
    UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

Mr. Rick Vo                                         September 7, 2007
TCI #95795-012
P.O. Box 7001
Taft, CA 93268

                                                      /s/ Rowena Kang