IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| RICK VO, | ) Civil No. 07-00052 ACK-BMK |
|  | ) Criminal No. 02-00411 ACK 01 |
|  | ) |
| Petitioner, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Respondent. | ) |
|  | ) |
| _____ | ) |

## ORDER DENYING VO'S MOTION FOR RECONSIDERATION AND GRANTING VO'S REQUEST FOR CERTIFICATE OF APPEALABILITY

On June 28, 2007, the Court issued an Order denying Vo's Petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 262 months imprisonment imposed in December 2003, upon his conviction after a jury trial for a drug trafficking offense. On July 23, 2007, Petitioner Vo filed a Motion for Reconsideration or Issuance of Certificate of Appealability from Denial of Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("Motion for Reconsideration"). Petitioner also filed a Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on August 1, 2007 ("Memorandum of Law"). The Government filed its Responses to the Motion for Reconsideration

1

and Memorandum of Law on September 7, 2007.  Petitioner filed a
Reply on September 21, 2007.

**STANDARD**

**I.  Motion for Reconsideration of Order Denying § 2255 Petition**

Motions for reconsideration after a final order are
available in § 2255 cases.  See United States v. Martin, 226 F.3d
1042, 1047 n. 7 (9th Cir. 2000).  The Ninth Circuit has suggested
that motions for reconsideration of final orders in § 2255 cases
may be brought either under Rule 59(e) or 60(b) of the Federal
Rules of Civil Procedure. See Martin, 226 F.3d at 1047 n.7 ("it
makes sense to conclude that a motion for reconsideration of an
order finally resolving a § 2255 petition must meet the time
limits set in Rule 59(e)"); Hamilton v. Newland, 374 F.3d 822,
825 (9th Cir. 2004)(concluding that petitioner's motion to
reconsider the denial of his habeas petition should have been
treated as a Rule 60(b) motion).  While the Ninth Circuit has not
yet decided the issue explicitly, it has acknowledged the Second
Circuit's rule that "motions for reconsideration filed outside
the ten-day period prescribed by Rule 59 can perhaps be treated
as Rule 60(b) motions, which must meet Rule 60(b)'s standards and
time limits.") See Martin, 226 F.3d at 1048 n.8 (citing United
States v. Clark, 984 F.2d 31, 34 (2d Cir. 1993).  Because Vo's
motion for reconsideration was filed more than 10 days after the
entry of the Order denying his § 2255 petition, the Court will

2

treat his motion for reconsideration as a Rule 60(b) motion.

Fed. R. Civ. P. 60(b)(6) ("Rule 60(b)(6)") allows the Court, on motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding for "any reason justifying relief from the operation of the judgment." See Fed. R. Civ. P. 60(b)(6). A motion under Rule 60(b)(6) must be "made within a reasonable time." Id. Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice." See Greenwalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). Relief under Rule 60(b)(6) is appropriate "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id.; see also Picco v. Global Marine Drilling Co., 900 F.2d 846, 851 (5th Cir. 1990) (relief under Rule 60(b)(6) "should be granted only if extraordinary circumstances are present") (internal quotations omitted).

## II. Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken" from a final order in a Section 2255 proceeding. See 28 U.S.C. § 2253(c)(1)(B). To obtain a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Under the controlling standard, Petitioner must demonstrate that reasonable jurists could debate

3

whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003). When the district court has rejected the constitutional claims on the merits, the showing required to obtain a certificate of appealability is as follows: the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack</u>, 529 U.S. at 484. "A claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." <u>Miller-El</u>, 537 U.S. at 338, 123 S. Ct. 1029. When deciding whether to issue or deny the certificate of appealability, the district court must indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. <u>U.S. v. Asrar</u>, 116 F.3d 1268, 1270 (9th Cir. 1997).

        In the Order denying Vo's § 2255 petition dated June 28, 2007, the Court set forth the standard and reasons why an evidentiary hearing was not necessary in conjunction with the subject § 2255 petition. <u>See</u> June 28, 2007 Order at 4-6. The Court likewise finds this Motion for Reconsideration suitable for

disposition without a hearing.  <u>See</u> Local Rule 7.2(d).

**<u>DISCUSSION</u>**

**I.   Vo's Motion for Reconsideration**

In his motion, petitioner Vo requests that the Court reconsider its decision on Vo's claims that he received ineffective assistance of counsel regarding an alleged jury tampering incident and the failure to assert the marital communications privilege.  The Ninth Circuit has held that a Rule 60(b) motion for reconsideration brought by a habeas petitioner should not be treated as a second or successive petition if it asks the court to reconsider claims the court has already decided.  <u>See</u> <u>Hamilton</u>, 374 F.3d at 825.  Because Vo's motion raises the same claims for ineffective assistance of counsel he argued in his § 2255 petition, the Court will not treat it as a second or successive habeas petition, but as a Rule 60(b) motion for reconsideration. As a Rule 60(b) motion, the Court finds Vo's Motion for Reconsideration was timely filed.

A.   <u>Alleged Jury Tampering Incident</u>

Petitioner Vo asserts that reconsideration of the Order Denying his § 2255 Petition is appropriate in light of newly established precedent, <u>United States v. Simtob</u>, 485 F.3d 1058 (9th Cir. 2007).  <u>See</u> Mot. for Reconsideration at 1.  Vo argues that applying <u>Simtob</u>'s holding to his case requires the Court to vacate his conviction and inquire into whether a witness's

5

alleged ex parte contact with the juror impaired the juror's or
any other juror's ability to act fairly and impartially.
"Intervening developments in the law by themselves rarely
constitute the extraordinary circumstances required for relief
under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239,117
S.Ct. 1997 (1997).  Here, the Simtob case may not be considered
an intervening development of law.  Simtob was issued on May 11,
2007, prior to the Government's Response to Vo's § 2255 Petition,
Vo's Reply, and the Order Denying Vo's § 2255 Petition.  Thus,
the Simtob ruling was available to be presented at the time of
the challenged decision.  Moreover, Simtob does not warrant
reconsideration because it is distinguishable from the instant
case.

    In Simtob, the Ninth Circuit held that the district
court abused its discretion when it failed to take remedial
action when a juror voiced his or her concern that the
defendant's alleged act of eye-balling the juror made the juror
feel threatened.  485 F.3d at 1065. The court applied the
standard set forth in Remmer v. United States, 347 U.S. 227, 229,
74 S. Ct. 450, 98 L. Ed. 654 (1954), and United States v.
Rutherford, 371 F.3d 1109, 1111 (9th Cir. 2000), that incidents
of jury tampering give rise to a presumption of prejudice.  The
Simtob court concluded that the eye-balling incident gave rise to
a presumption of prejudice, stating "that at least one juror's

'peace of mind' was affected is obvious from the district court's assertion that the juror claimed that he or she felt threatened by Simtob." <u>Simtob</u>, 485 F.3d at 1064. The court vacated the petitioner's conviction and remanded to the district court to conduct a hearing and make findings on the possible bias the jurors may have harbored as a result of the eye-balling incident. <u>Id.</u>

In reaching its conclusion, the court of appeals in <u>Simtob</u> relied on the district court's assertion that the juror claimed he or she felt threatened by defendant Simtob.  Here, unlike the juror in <u>Simtob</u>, the juror who overheard the comment by an alleged government witness in the cafeteria did not indicate that he or she felt intimidated or threatened by the statement.  The ex parte juror contact in this case was very de minimus: simply overhearing a non-threatening comment in the cafeteria.  Such a prosaic contact does not pose a risk of influence or intimidation, unlike the juror's perception of a threat when IRS agents in the courtroom allegedly glared at the jurors in <u>Rutherford</u>, 371 F.3d at 643, or the unexplained dismissal of a juror after she was known to have received a threatening telephone call in <u>United States v. Angulo</u>, 4 F.3d 843, 847 (9th Cir. 1993), or the juror's feeling of intimidation after perceiving the defendant to be "eyeballing" him in <u>Simtob</u>, 485 F.3d at 1065.

7

The Court addressed this issue in the June 28, 2007 Order and concluded, "the comment that the juror overheard in the instant case does not fall within the category of jury tampering. It was not an effort to intimidate or induce the juror or jurors to reach a particular decision.  Instead the overheard comment in the cafeteria that one of the jurors was frowning, which may not have been directed at the jurors, is akin to the prosaic ex parte contacts that do not trigger the <u>Remmer</u> presumption."  June 28, 2007 Order at 9.  The Application of the Ninth Circuit's holding in <u>Simtob</u> does not change this conclusion.  The Court also recognizes that <u>Rutherford</u> held that intent to influence or intimidate is not required, and stated that "the appropriate inquiry is whether the unauthorized conduct raises the risk of influencing the verdict." 371 F.3d at 644.  The de minimus contact in this case did not raise the risk of influencing the verdict.

Because a presumption of prejudice does not arise from this type of prosaic ex parte jury contact, it is within the court's discretion whether to inquire into the possible effects on jury impartiality.  In <u>Angulo</u>, the Ninth Circuit held that "an evidentiary hearing is not mandated every time there is an allegation of jury misconduct or bias.  Rather, in determining whether a hearing must be held, the court must consider the content of the allegations, the seriousness of the alleged

8

misconduct or bias, and the credibility of the source." 4 F.3d at
847. In accord with <u>Angulo</u>, the Court did consider the content of
the allegations, the seriousness of the alleged misconduct, and
the credibility of the source, and concluded that the de minimus
nature of the alleged misconduct and the absence of reports of
jurors feeling threatened or intimidated made an evidentiary
hearing about the incident unnecessary.  Here, Petitioner Vo's
counsel decided not to pursue the matter so as not to draw any
additional attention to it, and the Court noted that no harm
appeared to have been done.  Moreover, at the beginning of trial,
the Court instructed the jury, "The following things are not
evidence, and you must not consider them as evidence in deciding
the facts of this case: . . . anything you may see or hear when
the court is not in session even if what you see or hear is done
or said by one of the parties or by one of the witnesses." The
decision not to inquire further into the matter of the overheard
comment was not in error.  <u>Simtob</u> is distinguishable from the
instant case, and the alleged ineffective assistance of counsel
does not constitute extraordinary circumstances that would
justify reconsideration under Rule 60(b).

       Reconsideration of the Order Denying Vo's § 2255
Petition to Vacate, Set Aside, or Correct Sentence on the basis
of the Ninth Circuit's holding in <u>Simtob</u> is not warranted.

       B.   <u>Ineffective Assistance of Counsel Regarding
Marital Communications Privilege</u>

In his Motion for Reconsideration, Vo also reiterates his argument that his attorney, Assistant Federal Public Defender (AFPD) Weight, provided him ineffective assistance of counsel when he failed to object to the testimony of Vo's wife, Brenda Vo, in violation of the marital communications privilege. Specifically, Vo argues that Brenda Vo was not a participant in criminal activity at the time of the marital communications about which she testified.  In the June 28, 2007 Order, the Court pointed out that Brenda Vo admitted in her plea agreement to knowing that her husband was distributing methamphetamine at the time, believed the boxes contained drugs, and handled the box so as not to leave her fingerprints, used a fictitious name, and ultimately pled guilty to conspiring to possess with the intent to distribute more than fifty grams of methamphetamine.  See June 28, 2007 Order at 14-15.  The Court concluded,

> [S]he has admitted ample facts and the record contains sufficient evidence to convince the Court that she had become a participant in joint criminal activity with her husband as early as 2001.  Thus, the Court finds Brenda Vo had become a participant in joint criminal activity during the entire time frame during which the marital communications in her testimony took place.  Accordingly, her testimony about conversations between herself and Petitioner Vo regarding mailing the boxes in both 2001 and 2002 were in furtherance of joint criminal activity and were admissible under the "partnership in crime" exception to the marital communications privilege.

Id. (citing United States v. Marashi, 913 F.2d 724, 731 (9th Cir. 1990)).  The issue was analyzed and decided appropriately in the Order Denying Vo's § 2255 Petition, and the Court finds no error

10

in the Order.  Mere disagreement with the previous order is an
insufficient basis for reconsideration.  See Leong v. Hilton
Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988).

      C.  Vo's August 1, 2007 Memorandum

      On August 1, 2007, following the filing of his Motion
for Reconsideration, Vo filed a Memorandum of Law in Support of
Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct
Sentence.  Section 2255 restricts prisoners from filing second or
successive motions unless it is certified by a panel of the
appropriate court of appeals to contain either:

    (1) newly discovered evidence that, if proven and viewed in
    light of the evidence as a whole, would be sufficient to
    establish by clear and convincing evidence that no
    reasonable factfinder would have found the movant guilty of
    the offense; or

    (2) a new rule of constitutional law, made retroactive to
    cases on collateral review by the Supreme Court, that was
    previously unavailable.

28 U.S.C. § 2255.  In this case, Vo has not obtained
certification by a panel of the court of appeals warranting a
second motion under § 2255, nor does he present newly discovered
evidence or new rules of constitutional law that would justify
such certification.  Thus, the Court will not consider Vo's
memorandum as in support of a second motion under § 2255, but

11

rather the Court construes it as a memorandum in support of his Motion for Reconsideration.

In the August 1, 2007 Memorandum, Vo argued that he was denied effective assistance of counsel when AFPD Weight failed to request a mistrial or a hearing on the issue of a juror's overhearing a comment by a witness in the cafeteria that one of the jurors was frowning. This argument was discussed more fully above, and moreover, it merely rehashes the arguments he made in his original § 2255 Motion and cites legal authorities that were available to him in his original Motion. Reconsideration may not be based on evidence or legal arguments that could have been presented at the time of the challenged decision. See <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000). The Court's Order denying Vo's § 2255 Petition addressed the arguments that Vo reiterates in his August 1, 2007 Memorandum and the Court finds no error in its earlier Order. Vo's August 1, 2007, memorandum does not provide any basis for reconsideration of the Order Denying his § 2255 Motion.

For all the foregoing reasons, the Court DENIES Vo's Motion for Reconsideration of the Order Denying Vo's § 2255 Motion to Vacate, Set Aside, or Correct Sentence.

## II.  Certificate of Appealability

Petitioner Vo seeks to appeal the Court's entire Order denying his § 2255 Petition. There are two issues that the Court

12

considered in Petitioner's § 2255 Motion: the first is whether Vo's Sixth Amendment right to an impartial jury was violated because his attorney failed to pursue a remedy and the Court declined to conduct an inquiry when a juror reported that he/she overheard an alleged government witness in the cafeteria saying that one of the jurors was frowning; the second is whether Vo received ineffective assistance of counsel when his attorney failed to object to the testimony of his wife in violation of the marital communications privilege.  Although the Court found that a denial of Petitioner's Section 2255 motion was warranted for both issues, it is possible that another court may resolve these matters differently.  Accordingly, the Court GRANTS the certificate of appealability on the two issues described above.

IT IS SO ORDERED.

DATED, HONOLULU, HAWAII, September 27, 2007.



_____
Alan C. Kay
Sr. United States District Judge

Vo v. United States of America, Civ. No. 07-00052 ACK-BMK, Cr. No. 02-00411 ACK 01, Order Denying Vo's Motion For Reconsideration And Issuing A Certificate Of Appealability.